# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| COMMUNITY HEALTH GROUP, <br> DALE K RAMSEY, THOMAS J. LANGENBERG, <br> and MICHAEL KERR, <br>                                   Plaintiffs, <br> v. <br> MILDRED A. DUNLAP, <br>                                   Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 06-0565-CV-W-GAF <br> ) <br> ) <br> ) <br> ) <br> ) |

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Plaintiffs have moved for the entry of an order directing the defendant to appear on a date certain and then and there show cause, if any the defendant has, why the defendant, her agents, servants, and employees, and those persons in active concert or participation with her, should not be enjoined and restrained during the pendency of this action from disposing of or transferring any of the funds received by defendant in October 2005 from the Health Midwest Retirement Reserve Plan and deposited by her in accounts with Transamerica Life Insurance Company with U.S. Ban, N.A.; and further, they have moved for an order enjoining and restraining defendant, her agents and employees, and those persons in active concert or participation with her, from committing those acts pending the hearing on the order to show cause.

The Court having read the verified complaint, having heard the arguments of counsel, and being fully advised, finds that:

      1.      There is reasonable and probable cause to believe that plaintiffs mistakenly issued to defendant in October 2005 distributions in the aggregate amount of $51,512.20 in funds of the Health Midwest Retirement Reserve Plan (the "Plan"), an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"); that when

WA 860111.1

Dockets.Justia.com

these distributions were issued, defendant had already received the full benefit due her under the Plan; and that the Plan has requested reimbursement of the mistaken payment from defendant, to no avail.

2. Because the Plan is an ERISA plan, it has no damages remedy for the conversion of these funds and is entitled only to seek an order in equity for the recovery of specific funds, provided that the funds remain identifiable as Plan funds. *N. Am. Coal Corp. v. Roth*, 395 F.3d 916, 917 (8th Cir. 2005). Consequently, any transfer or dissipation of the funds would cause damage to the Plan that would be irreparable by placing the funds beyond the reach of this Court. The issuance of notice to defendant prior to the entry of a temporary restraining order would allow such a transfer to occur and should therefore not be required here.

3. The Court finds that plaintiffs lack an adequate remedy at law; that the balance of harms favors the entry of an injunction; that the public interest favors the entry of an injunction; that irreparable injury to plaintiffs will occur in the absence of an injunction; and that there is a substantial likelihood that plaintiffs will prevail on the merits of their claim.

IT IS THEREFORE ORDERED that defendant, Mildred A. Dunlap, be and appear before this Court on August 25, 2006, at 9:00 A. M. or as soon thereafter as counsel can be heard, in Room 8A of the Charles Evans Whittaker Courthouse, 400 East 9th Street, Kansas City, Missouri, and then and there show cause, if any she has, why she, her agents, servants, and employees, and those persons in active concert or participation with her, should not be enjoined and restrained during the pendency of this action from disposing of or transferring any of the funds in her possession and control that were received in October 2005 as a distribution from the Health Midwest Retirement Reserve Plan.

IT IS FURTHER ORDERED that on the filing of a bond in the amount of $10,000.00 with sufficient surety to be approved by the Court, conditioned on the payment by plaintiffs of any damages that may be incurred by defendant if it should be determined that the temporary restraining order be wrongfully issued, that, pending the hearing on this Order to Show Cause, defendant, her

agents and employees, and those persons in active concert or participation with her, be and they hereby are enjoined and restrained from disposing of or transferring any of the funds in her possession and control that were received in October 2005 as a distribution from the Health Midwest Retirement Reserve Plan until further order of this Court.

  IT IS FURTHER ORDERED that this order shall expire at 5:00 P. M. on August ____, 2006 unless before this time the order, for good cause shown, is extended by the Court for an additional period not to exceed 10 days or unless defendant consents that it may be extended for a longer period.

                /s/ Gary A. Fenner
                United States District Judge

Entered at 8:50 A. M. on July 13, 2006.